# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEWART LEE BRASWELL,**

    **Plaintiff,**

vs.                                              Case No. 4:08cv130-MP/WCS

**STATE OF FLORIDA,**
**et al.,**

    **Defendants.**

                                      /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed an *in forma pauperis* motion, doc. 2, and a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  Review of the complaint demonstrates that all of the acts about which Plaintiff complains took place in Tampa, Florida.  Doc. 1.  Tampa is not within the jurisdiction of this Court, nor are the Defendants, Tampa police officers.  *Id.*

Because Tampa is located in the Middle District of Florida, as are the named Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Tampa Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings, including the determination of *in forma pauperis* status.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2008.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**